The opinion of the Court was delivered by
Parsons, C. J.
It appears from the case that on the 5th day of August, 1805, the Union Bank, being indebted to the Branch Bank paid their debt to the messenger of the Branch Bank, who had sen him to the Union Bank to receive it. On the return of the messenger to the Branch Bank with the payment he had received, the officers of that bank supposing, by mistake, that the two checks drawn by Rawson were received in payment from the Union Bank, and those checks being bad, they sent them to the Union Bank, who, crediting the affirmation of the Branch Bank, received the checks, and paid the Branch Bank for them. This payment was made by mistake; and the Union Bank may well maintain an action to recover back the money, unless they have lost their right of action by their own loches, in not seasonably detecting the mistake, or in not collecting the money due from Rawson on those checks.
In considering the facts in the case, it appears that the messenger was the servant of the Branch Bank only, and that if he committed any error in his returns of payment from the several banks, the Union Bank is not responsible for those errors. Whatever delay there was m that bank, in not collecting the checks, arose from their confiding in the mistaken affirmation of the Branch Bank ; and although this confidence might be improper, yet the Branch Bank, whose affirmation was the occasion of it, cannot take any advantage of it, they committing the first fault.
*66 Let judgment be entered for the plaintiffs, according to the agreement of the parties (3).

 [Milnes vs. Duncan, 6 B. & C. 671.—9 D. & R. 731.—Wilkinson vs. Johnston, 5 D. & R. 403.—3 B. & C. 429.—Cox vs. Prentice, 3 M. & S. 344.—Gomery vs. Bond, 3 M. & S. 378.—Shaw vs. Picton, 7 D. & R. 201.—4 B. & C. 715.—Skyring vs. Greenwood, 6 D & R. 401.—4 B. & C. 281.—1 Car. & P. 517.—Ed.]