### JOSEPH CHESLEY, JUN. *versus* EBENEZER SMITH.

A farmer, or renter of a turnpike gate, may maintain assumpsit for tolls in his own name, against one who has, by mistake, been permitted to pass a gate as a person exempted from toll.

The authority given to turnpike corporations, to stop and detain travellers until the tolls are paid, is a cumulative remedy.

THIS was an action of assumpsit, for certain tolls alleged to be due from the defendant to the plaintiff, as farmer and renter of tolls, at a certain gate of the *New-Hampshire Turnpike* in *Durham*. The cause was tried here, February term, 1816, on the general issue, when it appeared in evidence that the corporation had been duly organized; that the gate was, by a vote of the corporation, rented to the plaintiff for a year; and that the defendant had travelled the road and passed the gate sundry times during the term, without having paid any thing, and without having promised to pay any thing for the privilege : it having been supposed, by both parties, that the defendant was exempted from toll, although he was not in fact exempted. It appeared, also, that the act of incorporation gave authority to the corporation to stop and detain travellers until the tolls were paid.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court upon the above facts.

*Ichabod Bartlett*, for the plaintiff.

*J. Smith*, for the defendant.

The opinion of the court was delivered by

WOODBURY, J.* This case presents some difficulties, but the court, after such examination as they have been able to give it, are inclined to render judgment on the verdict.

* The Chief Justice, having been of counsel, did not sit in this cause.

It is objected that the contract, between the corporation and the plaintiff, was void by the statute of frauds, because not in writing ; and that, therefore, as no interest in the gate passed to the plaintiff, if any action can be maintained at all, it must be in the name of the corporation. But it seems to us, that the plaintiff having gone into possession of the toll-house and gate, under a vote of the corporation, authorizing him to take possession and receive the tolls to his own use, is to be considered as tenant of the toll-house and gate, at least at the will of the corporation, and that he is as such entitled to *collect and recover the tolls in the same manner as the corporation might have done.* 1 *D. & E.* 616, *Seward* vs. *Baker.* 10 *East* 104, *Peacock* vs. *Harris.* A mere tenant at will, may, with propriety, be considered in relation to a stranger, as the owner of a gate. In this view of the case, no question upon the statute of frauds can arise, and this objection cannot prevail.

It is also contended, that as the act of incorporation prescribes only one method of collecting toll, *viz. :* by stopping the traveller until he makes payment, the corporation could exercise no rights but those explicitly conferred, and that a designation being made, of one remedy alone, it is equivalent to an exclusion of all others.

We are aware that cases exist where a rule of this kind has been adopted, but they will be found on examination to depend on principles not analogous to those that ought to govern the present case. *Penalties imposed for particular offences must be sued for in the mode prescribed by statute, in those cases only where the offence is merely malum prohibitum,* or the punishment is made less than that inflicted by the common law, or where a restrictive clause is expressly introduced, (2 *Burr.* 799, *The King* vs. *Robinson.*) When a new right, too, is conferred on an individual by a statute, which at the same time provides a remedy, or when, for some public consideration, as to prevent a multiplicity of suits, a new remedy is given for an old right, such remedy

alone is to be pursued.   5 *Mass. R.* 514, *Smith* vs. *Drew.*
3 *Mass. R.* 307, *Gedney* vs. *Tewksbury.*   5 *Johns.* 175, *Al-
ney* vs. *Harris.* But where new remedies are given by stat-
ute to individuals, in order to enable them more effectually
or more conveniently and expeditiously to enforce their
rights, these provisions being intended for the benefit of the
grantees, are, unless expressly excluding other remedies, to
be construed favorably, and considered cumulative rather
than restrictive.   10 *Johns.* 389, *The Farmer's Turnpike*
vs. *Coventry.*

In the present case, the power to detain the traveller until
payment of the toll is manifestly conferred for the benefit of
the corporation, that it may collect its dues promptly and
without the risk of credit, or the expense of an action.
Those remedies therefore which the common law would fur-
nish, if the act of incorporation provided none, (*Com. D.
Tolls, E,*) could never have been intended to be taken away.
The construction contended for would not benefit travellers,
for they often prefer credit to punctual payment.   And in-
stead of being useful to the corporation, it would leave them
wholly remediless in a class of cases embracing the present
one, and all cases where travellers, by fraud or force, should
pass through the gate without paying toll.   Nor is such con-
struction necessary, to effect the only public purpose which
can be imagined in its favor—the prevention of suits ; for no
corporation, unless from necessity, would resort to an action at
common law, for toll, when there was a summary remedy so
much more speedy, safe and convenient.   We are, therefore,
of opinion that this objection cannot prevail.   One other ob-
jection against a recovery in this action, was suggested from
the circumstance of the defendant's having, by the consent
of the plaintiff, passed the gate without paying toll.   This
would deserve much consideration, had it not appeared that
the consent was given under a mistake as to the fact of the
defendant's exemption.   Both parties erroneously supposed
that the defendant was exempted from toll.   But the princi-

ple is clear and the authorities decisive, that a person waiving his rights under such a misapprehension as to facts, is not thereby to be estopped or injured. *Evans' Essays* 23, 29. 1 *D. & E.* 712, *Goodall & al.* vs. *Dolly.* 1 *Bos. & Puller* 326, *Williams* vs. *Bartholomew.* 3 *Mass. R.* 74, *Union Bank* vs. *Bank of the United States.* 9 *Mass. R.* 408, *Garland* vs. *The Salem Bank.*

*Judgment on the verdict.*