Per Curiam.

It has been repeatedly decided in this Court,' that, when the assured is entitled to a return of premium, he may recover the amount in an action for money had and received, although his note given for the premium should not have been paid. The underwriter, by the terms of the policy, expressly acknowledges the receipt of the premium; and whether it was paid to him in cash, or in merchandise, or by a negotiable note, or in any other manner, the action to recover it back will still be in the same form, (a)
If the parties choose to agree that payment of the premium note shall not be enforced until all questions arising on the policy shall be settled, and that it shall then be set off, or deducted out of any sum due to the assured, it is very easy to introduce a stipulation to that effect in the policy. But we cannot recognize any such agreement or understanding between the parties, when it is inconsistent with the terms of their written contracts.
We see nothing in the particular circumstances of this case to take it out of the general rule. When the broker took the note out *109 of the bank, the parties might have agreed that the plaintiff should not demand a return of premium in this action, and that, if he should appear to be entitled to such a return, it should be paid by cancelling the note. But no such agreement is stated in the case ; and we are not authorized to infer that any such was made.

Defendant defaulted,

 [In Russell vs. Degrand, (15 Mass. Rep. 37,) the Court say that “ the acknowledgment in the policy operates as quasi an estoppel.” But it seems to be quite clear that a paroi receipt, like that contained in our policies, which are not sealed, cannot operate in any way as an estoppel; and that the action for money had and received cannot be maintained where neither money nor its equivalent has, in fact, been received. — 2 Stark. Ev. 2d Lond. ed. 62, 571, 702, J83, note (o). — Stratton vs. Rastall, 2 D. E. 366. — Lampson vs. Cork, 5 B. A. 606.-— Phill. 8th Lond. ed. 388. — As the promissory note, in this case, had not been negotiated, on producing and delivering the same up to be cancelled, it would seem that the defendant would, according to the agreement, have been entitled to demand a nonsuit. The receipt of the assurer in the policy could not be conclusive unless, by reason of the insurance being effected through the medium of a broker, the insurer should have been accreciited with the principal assured to that amount. — 2 Stark. Ev. 2d Lond. ed. p. 647. note (e). —Ed ]