Br the Court.
We are all of opinion that upon the facts found by the jury, the defendants are entitled to judgment.
Admitting that the cattle were not sold under a warranty, express or implied, as to their soundness, and that the defend *309 ants had, therefore, no legal right to claim a deduction from the stipulated price; the deduction was, however, just and equitable in itself, and its equity is a sufficient consideration for its allowance. It is sufficient to exempt the case from the general rule, that the payment of a less sum than the amount of the debt is not a good accord and satisfaction.
But it is not alone upon this ground that we place our decision. We apprehend that it is settled law, that when the claim of a creditor is disputed in good faith, and in order to settle the dispute he consents to abate a portion of his demand, the settlement, as a compromise, is valid and binding. Nor will the court inquire in such cases, whether he was legally bound to make the sacrifice. We deem it needless to refer to cases to show that such, is the rule.- It is sufficient to say that it was the ground of the decision of this court in Currie v. Steele, 2 Sand. S. C. R., p. 542. There is no reason here to question the good faith of the defendants. They doubtless believed that they were entitled to the deduction which they claimed.
The only question that remains is, whether the agent, Belden, had authority to make the deduction. It is said that this question ought to have been submitted to the jury. As we read the case, it was submitted to the jury, and their finding, if there was any evidence to support it, is conclusive. The testimony of the witness, Doctor, was sufficient to support it; and supposing him to have been contradicted by Belden, whether he or Belden was to be believed, it was for the jury to determine.
But, in truth, it was not necessary that the question of the agent’s authority should have been submitted to the jury at all. TTis authority resulted from the nature of his agency; he had a general authority to sell and collect the price. The amount to be paid rested, therefore, in his discretion, and he exercised this discretion in making the settlement which he did. The sum paid to him he consented to receive as the full price to which he was entitled.
As the facts in this case have been specially found by the jury, the Code makes it our duty to render such a judgment as the finding warrants (§ 262). The verdict for the plaintiff must, therefore, be set aside, and a verdict and judgment thereon with costs, be entered for the defendants. They ought not, *310 by amere dismissal of the complaint, to be subjected to the risk of a second'action.