## AZEL AMES & another *vs.* YORK NATIONAL BANK.

A. in Boston sent to a bank in Maine a check for $200, drawn on the bank by one who had funds therein, in a letter, saying "Please send me a check on some Boston bank for the inclosed check." The bank thereupon mailed to him a letter inclosing $4.28 in currency and the check of C. on a Boston bank for $195.72. This letter was never received. A. endeavored in vain to obtain a duplicate check from C., who subsequently became bankrupt. The usage of the bank, and of banks generally in Maine, was to charge one quarter of one per cent. for drafts on Boston. *Held*, that the bank should have sent the whole amount in one of their own checks on Boston, and that A. could recover it in an action against the bank for money had and received.

CONTRACT for money had and received. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon an agreed statement of facts, of which the material part was as follows:

"The plaintiffs are traders doing business in Boston; and the defendants a banking corporation in Saco, Maine. On November 22, 1867, the plaintiffs inclosed to the defendants a check of Bean & Sawyer on the defendants for $200, and also a postage stamp, and wrote as follows: ' Please send us a check on some Boston bank for the inclosed check of Bean & Sawyer for $200. Bean & Sawyer having funds in the hands of the defendants to more than $200, the defendants' cashier, on receipt of the plaintiffs' letter, inclosed to the plaintiffs at Boston the check of Hiram Curtis on the Boylston National Bank of Boston for $195.72, and $4.28 in currency; duly stamped and addressed the letter to the plaintiffs at Boston; and deposited the same in the post-office at Saco. This letter never reached the plaintiffs. Due diligence was used at both points to find it. The check of Curtis was drawn against funds in the Boylston National Bank

and he and Bean & Sawyer were both in good standing at the time. The plaintiffs made efforts to obtain from Curtis a duplicate check, but never received from Curtis or the bank any check or money; and Curtis subsequently became bankrupt. The custom of the defendants and of the banks in Maine was to charge one quarter of one per cent. for drafts on Boston. If, in the opinion of the court, the plaintiffs can maintain their action on these facts, judgment to be entered for them for $200, and interest from November 23, 1867; otherwise, for the defendants."

*H. C. Hutchins,* for the plaintiffs.

*F. H. Appleton,* for the defendants.

CHAPMAN, C. J. The fair construction of the plaintiffs' order is, that it requested the defendants to send them their own check for the exact amount that would be due to them. The defendants did not comply with this order; and we cannot say that the variance from it was immaterial. The defendants' check, payable to the plaintiffs, would have been less likely to be stolen than a letter containing bills; and, if lost, it could have been duplicated without depending upon the will of a third person.

If the defendants could prove the custom alleged, it would amount to a custom to hold that a material variance from the terms of an order should be regarded as equivalent to a compliance with its terms, which would not be a valid custom.

*Judgment for the plaintiffs affirmed.*