## PARKER L. RIGGS *vs.* WILLIAM H. HAWLEY.

Suffolk. Nov. 12, 1874. — Jan. 9, 1875. WELLS & DEVENS, JJ., absent.

In an action on a promissory note, the plaintiff offered evidence that he had been in partnership with the defendant, and upon its dissolution there was a settlement between himself and the defendant, and a certain sum was found to be due him ; that the note in suit and other property was given in satisfaction thereof. The defendant's evidence tended to show that the sum mentioned was not the true indebtedness, which was settled by the transfer of the property ; that the note in

suit was subsequently obtained without consideration; that if the sum stated was assumed at the time of the settlement to be the true indebtedness, the amount was incorrect; and that the note was obtained by fraud and misrepresentation. The judge, after giving appropriate instructions not excepted to, instructed the jury, at the request of the plaintiff, that if the parties made a settlement which included disputed claims about which there had been a difference or discussion, they were bound by the settlement, unless it was procured by fraud or misrepresentation. *Held,* that the defendant had no ground of exception.

CONTRACT on a promissory note, signed by the defendant, for $186.73, payable to the plaintiff or order. Trial in the Superior Court, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows:

The plaintiff had been in partnership with the defendant and one Burr, under the name of Hawley, Burr & Riggs. At the trial he offered evidence tending to show, that, upon his withdrawal from said firm, or subsequently, there was a settlement between himself and Hawley and Burr; that the sum of $1600 was found due him; that the smoke-houses and fixtures of Hawley and Burr were transferred to him in part payment of this sum; and that this note with two others were given for the balance thus found due.

The defendant offered evidence tending to show that said sum was not the true indebtedness, and that, at the settlement, the real indebtedness was fully discharged by the transfer of the property; that these notes were subsequently obtained without further consideration; and that if the amount claimed by the plaintiff was assumed by the parties at the settlement to be the true amount due, and these notes were given for the balance, still that the real indebtedness was much less than the amount then found due, and that these notes, being in excess of the real indebtedness, were without consideration. The defendant also offered evidence tending to show that the notes were obtained by fraud and misrepresentation.

The judge, at the close of the instructions to the jury, — which, as to other matters, were pertinent to the issue, and not excepted to, — added, upon the request of the plaintiff, the following: "If the parties made a settlement which included disputed claims, about which there has been difference or discussion, they are to be bound by that settlement, unless one party is able to show that it was procured by fraud or misrepresentation."

The jury returned a verdict for the plaintiff for the amount of the note and interest; and the defendant alleged exceptions.

*I. Knowles, Jr.*, for the defendant.

No counsel appeared for the plaintiff.

ENDICOTT, J. This was a controversy between partners, whether a final settlement between them was binding and conclusive. It appeared in evidence that at the settlement it was agreed that $1600 was due the plaintiff, that certain partnership property was assigned to him in part payment, and the note in suit, with two others, was given for the balance. The defendant offered evidence that $1600 was not the true indebtedness; that it was in fact much less; that what was due was paid by the transfer of the property; that the note was without consideration, and procured by fraud and misrepresentation. Precisely what evidence was offered by the defendant does not appear; but, from the nature of the case, the controversy must have been in regard to a portion of the items making up the $1600, and whether they were due or not to the plaintiff.

After instructing the jury upon the matters pertinent to the issues presented, to which no exceptions were taken, the presiding judge, at the request of the plaintiff, ruled that "if the parties made a settlement, which included disputed claims, about which there had been difference or discussion, they are bound by that settlement, unless one party is able to show that it was procured by fraud and misrepresentation."

Even if the settlement was based on an account stated, it does not follow, as contended by the defendant, that this instruction precludes him from showing that any particular item was improperly included in the sum agreed upon, by mistake, accident or inadvertence; if such a question arose upon the evidence at the trial, we must presume that proper instructions were given. But the instruction had reference to another aspect of the evidence, namely, whether the sum agreed upon was the result of a compromise, there being difference and discussion in regard to the disputed claims. As this instruction was given by the court at the request of counsel, we must presume there was evidence to which it would apply, especially as no objection was taken to the ruling because there was no evidence, and the bill of exceptions does not negative the fact.

If the settlement was the result of a compromise, it is, in the absence of fraud, binding and conclusive. The items, in such case, are not to be inquired into. It is sufficient to render the settlement valid, that there were questions in dispute between the parties which have been decided. *Barlow* v. *Ocean Ins. Co.* 4 Met. 270. *Leach* v. *Fobes*, 11 Gray, 506. *Kerr* v. *Lucas*, 1 Allen, 279. Chit. Con. (11th Am. ed.) 46, and cases cited.

*Exceptions overruled.*