CHARLES H. STUART & others *vs.* JABEZ H. SEARS.

Suffolk. November 12. — 15, 1875. WELLS & ENDICOTT, JJ., absent.

If in a settlement of mutual accounts one party thereto allows, without being induced by fraud, a certain sum by way of compromise of a doubtful claim, he cannot recover it back; but if he pays it relying upon erroneous vouchers produced by the other party at the time of the settlement, he may, even if there was no fraud, recover it back as money paid by mistake.

CONTRACT by Charles H. Stuart, John H. Snow and Ether S. Foss, partners under the firm name of Stuart, Snow & Foss, to recover $1000 for work done and materials furnished by the plaintiffs for the defendant.   The declaration also contained a count for the same amount, as money had and received by the defendant to the plaintiffs' use, and a count setting forth substantially the facts which appear in the evidence introduced by the plaintiffs.

At the trial in the Superior Court, before *Wilkinson*, J., the evidence on the part of the plaintiffs tended to prove that the defendant was liable to pay, and did pay, to the plaintiffs large sums of money, in many items, and at different times, due to the plaintiffs upon different contracts, and that an action was brought by the plaintiffs against the defendant to recover the balance due, and that, finally, on September 19, 1874, a final settlement was made between the plaintiffs and defendant, whereby the action was discontinued and a voucher given by the plaintiffs to the defendant, showing a total debit account to the plaintiffs of $63,520.29, and a credit account to the defendant containing the following item: "By cash sundry times, $46,700.00," and the following words, dated Boston, September 19, 1874, and signed by the plaintiffs: "The accounts of Jabez H. Sears are settled in full to this date."

There was in the account of the defendant an item of cash paid under date of March 13, 1874, $1000; and one other similar item of $1000 under date of May 13, 1874.   On the plaintiffs' book there was a credit of $1000 under date of May 13, 1874, but no credit of $1000 under date of March 13, 1874.   In other respects the accounts of the parties agreed.   This discrepancy in the accounts was talked over by the parties before the settlement and efforts made to discover which was correct, and the settlement was delayed a week or more for that purpose.

As evidence of said payment, at the time of settlement the defendant produced a check for $1000, given by him to the plaintiffs, and taken up by him, dated March 13, 1874, and a receipt signed by the plaintiffs for $1000, "Mason work and materials," dated March 13, 1874.

The plaintiffs testified that, relying upon the accuracy of the date of the check and receipt they allowed in the settlement the

$1000 charged in defendant's account under date of March 13, 1874. The plaintiffs then offered evidence tending to show that the true date of the check and receipt was May 13, 1874; that the check was presented to the bank May 15, 1874; that the receipt and check were intended for the payment made by the defendant May 13, 1874, and that the allowance of it, March 13, 1874, was a mistake, and that thereby they had given the defendant credit for $1000 more than he had in fact paid.

The defendant asked the judge to instruct the jury that, if at the time of said settlement the plaintiffs on an examination of the evidence, in the absence of fraud on the part of the defendant, decided to allow said disputed item of $1000 and did allow it, and said settlement was effected accordingly, this action cannot be maintained.

The judge declined so to instruct the jury, but did instruct them that if there was a doubtful claim settled by way of compromise, without fraud, the plaintiffs could not recover; but if the defendant produced, at the time of settlement, either by fraud or mistake, the check and receipt of March 13, 1874, as evidence of a payment of $1000 at that time, when in fact they were intended to cover the payment in May, and the plaintiffs were misled and induced thereby, erroneously, to allow the charge of $1000, under date of March 13, 1874, when no such payment had been made, the plaintiffs were entitled to recover the same back.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions to the above refusal and ruling.

*B. Dean,* for the defendant.

*W. H. Towne,* for the plaintiffs.

GRAY, C. J. The instructions to the jury were in exact accordance with the well settled law. If the sum now sued for was allowed in the settlement between the parties, without fraud, by way of compromise of a doubtful claim, it could not be recovered back; but if it was paid by the plaintiffs, relying upon erroneous vouchers produced by the defendant at the time of the settlement, it might, even if there was no fraud, be recovered back as money paid by mistake. *Riggs* v. *Hawley,* 116 Mass. 596, 598. *Merchants' National Bank* v. *National Eagle Bank,* 101 Mass. 281, 285. *Paige* v. *Sherman,* 6 Gray, 511. *Union Bank* v. *Bank of United States,* 3 Mass. 74. *Exceptions overruled.*