No. 9558.

## KISTLER v. THE INDIANAPOLIS AND ST. LOUIS RAILROAD COMPANY.

CONTRACT.—*Railroads.*—*Construction.*— *Engineer's Estimate.*—*Mistake.*—*Correction.*—A written contract between a railroad company and one who undertook to do certain work in its construction fixed the prices of the various kinds of work to be done, and provided that the engineer of the road should make estimates of the work from time to time upon which payments should be made, and a final estimate which should be also paid, and that all disputes as to the meaning and execution of the contract should be referred to the engineer, and his decision should be final.

*Held*, that where the engineer had failed to estimate work, or by neglect or mistake had underestimated it, suit could be maintained for the recovery of the correct amount.

SAME.—*Public Policy.*—A stipulation, whereby parties to a contract name an umpire who shall settle differences between them, and agree not to resort to the courts, is against public policy and void.

SAME.—*Accord and Satisfaction.*—Where the parties to a contract disagree as to the amount due upon it, and the plaintiff receives less than his claim, in full of the whole, it is a good accord and satisfaction; but it is otherwise if he take the money under protest, at the time claiming the whole demand.

From the Superior Court of Marion County.

*J. C. Denny* and *I. Klingensmith*, for appellant.

*J. T. Dye*, for appellee.

MORRIS, C.—The appellant sued the appellee for work and labor performed under a written contract, a copy of which is filed with the complaint.

It is alleged in the complaint that the appellant was to make all the excavations and construct the necessary embankments in grading sections twenty and twenty-one on the appellee's road in Hendricks county, Indiana, and do all the grubbing, chopping and clearing necessary to be done on said sections; that the appellee was to pay the appellant twenty-six cents per cubic yard for all excavations on section twenty, and for embankments on section twenty-one the appellee was to pay twenty-five cents per cubic yard; for grubbing and clearing, $10 for each station of 100 feet, and for chopping and clearing, $6 for each station of 100 feet; that the contract was afterwards so altered, for a valuable consideration, by a memorandum endorsed thereon, and signed by the president of the appellee, as to provide that excavations on said section twenty should be paid for at the rate of thirty-four cents per cubic yard; thirty cents for embankments on section twenty-one; for excavations on said section twenty-one, twenty-one cents per cubic yard. It is averred that the appellant fully performed said contract on his part, doing all the work required by its terms; that the excavations made on said section twenty amounted to 65,000 cubic-yards; that excavations made on section twenty-one amounted to 7,500 cubic yards; and that all the embankments required and made on section twenty-one amounted to 16,500 cubic yards; that the appellant cleared and grubbed fifteen stations and chopped and cleared two other stations, of 100 feet each, upon said sections twenty and twenty-one, as required by, and in conformity with, said contract, whereby the appellee became liable to pay to the appellant $28,707, of which sum $7,000 remain unpaid.

It is then averred that the appellee's engineer pretended to make a full and complete estimate of all the work done on said sections, but that in fact he only estimated 5,000 cubic yards of excavation on section twenty-one, when in fact the amount

was 7,500 cubic yards; that said engineer made an estimate of the number of cubic yards of embankment made by appellant on said section twenty-one at 10,000 cubic yards, when in fact the embankment amounted to 16,500 cubic yards; that the appellant chopped, cleared and grubbed seventeen stations of 100 feet each on said sections twenty and twenty-one, which said engineer failed to estimate; that the excavations made by appellant on section twenty amounted to 65,000 cubic yards, but said appellee's engineer, in said pretended estimate, estimated the same at 40,000 cubic yards; that said engineer was the engineer of the appellee and made said estimates under its directions; that he did. not estimate all the work done; that he, the appellant, did a large amount of extra work on road crossings which was not estimated at all by said engineer, but was purposely omitted, which amounted to $1,000; that the appellee claimed that said estimate was full and complete and final, but that the same was not true; that the appellee claimed there was but $1,919.30 due the appellant for his work, when in truth and in fact there was $7,000 due him; that he executed to the appellee a receipt for said $1,919.30 which was paid to him, but that he executed the receipt under protest, claiming at the time that the same was not the full amount due him; that there was then due him the additional sum of $5,000. Wherefore he demands judgment.

So much of the contract as bears upon the question presented for decision in this case is as follows:

10. "Monthly estimates, during the progress of the work, will generally be made by the engineer of work done, to such an amount as shall in his judgment be a fair average value of the same, agreeably to this contract, and of the amount so estimated the contractor will be paid eighty per cent. in currency, and when the whole of the sections hereby contracted for shall have been accepted and measured finally by the engineer, as completed agreeably to this contract, the balance shall be forthwith paid to the said John Kistler, his heirs, executors or administrators."

11. "And, finally, it is agreed that if any dispute or mis-understanding shall arise between the parties as to the mean-ing or execution of the provisions of this contract, it shall be referred to the engineer of said railroad, and that his decision shall be final and alike binding upon both parties."

The appellee demurred to the complaint for want of facts. The demurrer was sustained at special term, and the appel-lant excepted. The appellant then asked leave to amend his complaint. Leave was refused by the court. The appellant excepted, and has properly reserved the exception. Final judgment was rendered for the appellee, and the appellant appealed to the general term of said court, assigning as error the ruling of the court in special term upon the demurrer to the complaint and refusal of leave to amend. The court in general term affirmed the judgment at special term. The error assigned in this court is that the court in general term erred in affirming the judgment of the court in special term.

It is not alleged in the complaint that the engineer of the appellee, in making the final estimate of the work done by the appellant under said contract, acted corruptly or fraudulently ; nor is it expressly averred that in making said estimate there was any mistake made by the engineer. But it is averred that though the estimate so made by the engineer was claimed to be full and complete, yet the engineer did not in fact esti-mate the grubbing and clearing and the chopping and clear-ing done by the appellant on said sections. If the engineer failed to estimate this work, it is clear that his estimate was not full and complete, and that palpable injustice was done the appellant. It is equally clear that the omission must have been the result of mistake and oversight, or purposed neg-lect on the part of the engineer. If either the one or the other, the estimate was not conclusively binding upon the ap-pellant. The demurrer admits this averment of the com-plaint. The estimate of the engineer, in cases such as this, if based upon a mistake or misapprehension of fact, is not bind-ing. Pierce says that a mistake of fact by which the engineer

is deluded and led to misapprehend the case, so as not to exercise his real judgment, will vitiate the estimate. He further says : " The relations subsisting between the company and the engineer will invite scrutiny into his decision, greater than where the award is made by an impartial arbitrator.   The conflicting claims between the company and the contractor being thus submitted in advance to a referee of its own appointment, it is its duty, under the agreement, to employ a competent and upright person to that office, and to *see that a decision is made by him upon the work;* and if this duty is not neglected, its obligation to pay will not arise till the estimates are made by the engineer.   But if it fails to employ an engineer, or the work of the contractor is not duly acted upon by him, it will be liable to the contractor without any such decision." If, as averred, the engineer did not measure and estimate the grubbing, etc., it can not be said that the appellant's work was " *duly acted upon.*"   Pierce Railroads, p. 382.

In the case of *Starkey* v. *DeGraff,* 22 Minn. 431, it was held that where the work was to be estimated by the engineer, his refusal or neglect to measure the work done by the contractor entitled the latter to sue and prove the quantity of work done, by other competent evidence.   See cases cited by Pierce in his work on Railroads, p. 382.

It is said, however, that, by the contract, the parties made the engineer the sole umpire of all differences that might arise between them, and thus precluded themselves from the right to resort to the courts for the settlement of such differences. If the eleventh clause of the contract means this, we think it against public policy, and void.   Redfield says : "A stipulation, that no action shall ever be brought upon a contract, or, what is equivalent, that all disputes under it shall be referred to arbitration, is a repugnancy, which if carried out literally must render the contract itself, as a mode of legal redress, wholly idle."   1 Redf. Railways, p. 454 ; *Scott* v. *Avery,* 5 H. L. Cas. 811.

It is contended by the appellee that the complaint shows

upon its face that the appellant's claim was disputed by it; that he accepted the amount of the estimate in full of his demand against the appellee and executed to it a receipt in full of all demands against it. This, it is insisted, shows a good accord and satisfaction. It was held in *Palmerton* v. *Huxford*, 4 Denio, 166, that where the plaintiff received a certain sum, and gave a receipt in full for a claim disputed in good faith by the defendant, though for double the amount received, it was a good accord and satisfaction. The same was held in the cases of *Tuttle* v. *Tuttle*, 12 Met. 551, and *Taylor* v. *Nussbaum*, 2 Duer, 302. But, in the case now before us, the complaint does not show that the estimate was received by the appellant in full satisfaction of his demand against the appellee. It shows that his claim was disputed by the appellee, and alleges the giving of the receipt as follows: "And the defendant then and there claimed that there was only $1,919.30 due to plaintiff, when in truth and in fact there was $7,000 due to him, and he then and there executed and delivered to said company his receipt for said sum of money, which was paid to him, but he says that at the time he signed the receipt he did so under protest, then and there claiming that the same was not the full amount due him." We think the above statement does not show that the $1,919.30 so received by the appellant was accepted by him in full of his demand. The receipt, as alleged, admits the receipt of the $1,919.30—that is all. Whether received in full satisfaction of his demand, or as so much upon his demand, is not stated. And, upon the facts stated, the intendment should not be that the $1,919.30 was accepted in satisfaction of the entire $7,000 claimed, but as payment of so much upon a disputed claim.

It was the duty of the appellee to see to it that its engineer duly estimated the work performed by the appellant. It had no right to insist upon a partial estimate. If, as the appellant avers, the estimate was partial, omitting entirely the grubbing, etc., the appellee had not discharged its duty under the con-

tract to the appellant, and it could hardly insist, in good faith,. upon such an estimate as amounting to full satisfaction of the appellant's claim.

We think the demurrer to the complaint should have been overruled, and that the court in general term erred in affirming the judgment of the court in special term.

PER CURIAM.—It is ordered, upon the foregoing opinion,. that the judgment below be reversed, at the costs of the appellee.

ELLIOTT, J., was absent.