JOHN HEADLEY v. CHARLES H. HACKLEY, SURVIVOR OF HIMSELF AND JAMES MCGORDON.

*Compromise—Matters of fact and of general reputation*

An alleged compromise may be contested by showing that the party relying on it had acted unfairly or oppressively, and asserted claims which he knew to be wrongful, for the purpose of getting the terms which have been nominally assented to.

Where the question in issue was whether one or the other of two specific log-scales was in general use in a certain lumbering locality at a certain time, it was irrelevant and inadmissible to ask a witness if it was the general understanding among the lumbermen of the State that one of the two was adopted.

Error to Kent. (Montgomery, J.) Oct. 11.—Jan. 18.

ASSUMPSIT. Defendant Hackley brings error. Affirmed.

*Smith, Nims, Hoyt & Erwin* for appellant.

*John C. Fitz Gerald* and *Mitchell J. Smiley* for appellee. An agreement to accept considerably less than one's due in full satisfaction of one's claim is not binding as it is without consideration: *Ryan v. Ward* 48 N. Y. 206; *Am. Bridge Co. v. Murphy* 13 Kan. 40; *Thomas v. M'Daniel* 14 Johns. 185; *Warren v. Skinner* 20 Conn. 559; *Trull v. Barkley* 11 Hun 644; *Smith v. Schulenberg* 34 Wis. 46; *Wheeler v. Wheeler* 11 Vt. 66; *Bright v. Coffman* 15 Ind. 371; *Bailey v. Day* 26 Me. 88; *White v. Jordan* 27 Me. 378; *Vance v. Lukenbill* 9 B. Mon. 249; *Cole v. Sackett* 1 Hill 516.

GRAVES, C. J. A little more than two years ago the plaintiff recovered judgment in this cause, but we reversed it and ordered a new trial. 45 Mich. 569. The plaintiff having again recovered, the cause is a second time brought up for revision. The facts of importance are substantially

the same as on the former occasion and it is needless to repeat them. The distinction contended for consists in drawing from them a different legal consequence. The defendant maintained, as he did on the first trial, that the arrangement which culminated in the payment of $4000 and in the giving of the receipt in full, constituted a compromise and was sufficient to bar recovery; but the plaintiff, instead of meeting that position by urging, as he did before, that the legitimate effect of all the circumstances was to show that he acted under duress, took the ground that they operated to prove that there was no compromise at all, or at least none that was binding, because they fully established that the defendant well knew his firm was indebted in a much larger sum and acted in bad faith and set up claims which he knew were unfounded, for the purpose of extorting from the plaintiff's necessities a full acquittance without valid consideration.

Now whatever notions the Court might entertain as to the proper inferences to be drawn from the evidence, the record demonstrates that the circumstances were of such a nature that the jury, acting within their sphere, might consider them as supporting the position of the plaintiff rather than that of the defendant, and there is no solid ground for saying that the circuit judge did not fairly submit in substance the theories of both parties in his charge. And the implication is irresistible that the jury found against the defendant's version and in favor of that of the plaintiff. The construction of the transaction of August 3, 1875, by the jury, must have been that the defendant was aware that his firm was indebted to the plaintiff in the sum of $4280 or thereabout, and was further aware that on a true adjustment of dealings the indebtedness actually exceeded that sum several hundred dollars; and yet for the purpose of getting an acknowledgment in full by the payment of a part he questioned and disputed the plaintiff's right to all above $4280, or thereabout, on grounds which he knew to be untrue, and likewise refused to pay more than $4000, and

only consented to pay that on condition of its being accepted and receipted as in full of the whole indebtedness.

The question is therefore whether this ground of the plaintiff is sound in point of law, and an answer in the affirmative appears unavoidable. All the authorities admit that when one of the parties to a transaction sets it up against the other as an effective compromise, the latter may hinder it from operating in that sense and with that force by showing that his opponent acted unfairly or oppressively and asserted claims which he knew to be void of right with the design of getting the terms which were nominally assented to. *Gates v. Shutts* 7 Mich. 127; *Converse v. Blumrich* 14 Mich. 109; *Hull v. Swarthout* 29 Mich. 249; *Sanford v. Huxford* 32 Mich. 313; *Taylor v. Nussbaum* 2 Duer 302; *Stewart v. Ahrenfeldt* 4 Denio 189; *Stuart v. Sears* 119 Mass. 143; *Nelson v. Weeks* 111 Mass. 223; *Riggs v. Hawley* 116 Mass. 596; *Mackellar v. Wallace* 26 Eng. L. & Eq. 62; *Callisher v. Bischoffsheim* L. R. 5 Q. B. 449–452. See notes to *Stapilton v. Stapilton* 2 Lead. Cas. Eq. 593; 1 Story Eq. § 131. The judgment which the jury formed respecting the primary facts necessitated a result in accordance with this doctrine and the conclusion is irrevocable.

It was made a question whether as matter of fact the "Scribner rule" or the "Doyle rule" was the rule in general use upon Muskegon lake and river at the time the logs were cut and delivered, and considerable testimony was given going directly to the specific fact. But in the course of inquiry on this topic the defendant asked a witness if it was the general understanding among the lumbermen of Michigan that the Doyle scale was adopted, and the court excluded it. The ruling was proper. The point in issue was upon the fact of general use on the lake and river and not upon the fact of what was the reputation or understanding; and moreover the witness was not asked what the lumbermen there understood or what any lumbermen understood as to what scale was in use there or elsewhere. The inquiry made was for the understanding among the lumber-

men of the State as to whether the Doyle scale was adopted, and this was no way relevant.

This disposes of all the points urged and the result is that the judgment should be affirmed with costs.

CAMPBELL, J. concurred.

MARSTON, J. If the question had been distinctly raised upon the trial of this cause as to the proper measure of damages in case the jury found plaintiff's version as to the settlement to have been correct, the rule adopted in *Jewett v. Petit* 4 Mich. 508, followed in *Walsh v. Sisson* 49 Mich. 423, would have been applicable. As, however, the question was not raised, I concur in the opinion of the Chief Justice.

COOLEY, J. concurred.