PENOBSCOT RAILROAD COMPANY *vs.* GIDEON MAYO.

Penobscot, 1874.—May 30, 1876.

*Limitations,—Statute of.*

The procuring of the settlement or discharge of an existing and known cause of action by fraudulent means is not the fraudulent concealment of such cause of action within R. S., c. 81, § 92.

When the fraudulent settlement is such as to entitle the person defrauded to an action, the limitation to the action commences to run from the time of the discovery of the fraud.

ON EXCEPTIONS.

ASSUMPSIT by nominal plaintiffs for Nathaniel Wilson the plaintiff in interest.

A full statement of this case, as first presented to the law court in 1872, will be found in 60 Maine, 306. The case at the April term, 1873, was referred under a rule of court to Samuel F. Humphrey, on legal principles, to report any facts and questions of law that either party might desire with right of exceptions.

The referee, among other things, found in substance, that the defendant in consideration of certain bonds of the plaintiff company, gave his note to them or order for $4000, dated March 28, 1862, payable in one year with interest; that the note was held by the treasurer of the plaintiff company in trust as security to the directors of the company, of whom the plaintiff in interest was one,

for the several amounts of money by them advanced to the plaintiff company, and due to them as individuals in proportion to the advances made by each ; that while the other directors, as well as Wilson, had made such advances, they did not present any claims in this suit; that the amount of the indebtedness of the plaintiff company for advances by three directors at the date of the note was $9631.48, of which the plaintiff in interest advanced $6917.-61; and that the plaintiff in interest was entitled to receive 6917-9631 of the amount due on the $4000 less such amounts received by him since May 28, 1862; that after making a certain deduction stated he found due Wilson as of August 26, 1873, the sum of $4260,50; that the defendant October 31, 1863, sold and delivered to John A. Poor, president of the E. & N. A. Railway Co., $75,700, of the bonds of the Penobscot Railway Company, and received in payment therefor $25,500 of the bonds of the E.& N.A. Railway Co.; that these $75,700 of Penobscot Railroad Co. bonds included the $68,700 of bonds sold to the defendant by the plaintiff corporation for his note for $4000, dated May 28, 1862, as appears by vote of the directors of that date; that the defendant at the meeting of the directors of the plaintiff company July 13, 1864, Nathaniel Wilson, one of the board being absent, stated in presence of the other directors, substantially, that he had turned over said bonds of the plaintiff company to the E. & N. A. Railway Company, receiving nothing in payment therefor, entirely suppressing the fact that he had sold them as aforesaid, and thereby inducing the directors to cancel the said $4000 note and give it up to him; that Wilson first knew, January 7, 1868, that Mayo instead of giving the $68,700 of bonds in question to the E. & N. A. Railway Company, had sold them to J. A. Poor, president of said company; and that the plaintiffs' claim on the note was not barred by the statute of limitations.

The referee's report concludes as follows : "I do therefore hereby make this my final award and determination in the premises, to wit : that the said plaintiff recover of the said defendant, the sum of $4,260.50, damage and costs of reference taxed at $228.-93, together with the costs of court, to be taxed by the court.

Dated at Bangor, this 26th day of August A. D., 1873.

(Signed,)          S. F. HUMPHREY, referee."

Upon the return of the referee's report to the court, the defendant's counsel filed objections to its acceptance and to the rulings of the referee in matters of law and moved that the report be set aside. The presiding justice, *pro forma*, overruled the objections and motion, and the defendant alleged exceptions.

*C. P. Stetson*, for the defendant.

*A. Wilson & A. Sanborn*, for the plaintiffs.

APPLETON, C. J. At a meeting of the directors of the plaintiff corporation held April 20, 1860, it was voted that certain bonds of the company to the amount of sixty-eight thousand dollars should be delivered to the defendant, the president of the company "to be used by him, the said president, for the company, as he shall deem expedient."

At a meeting of the directors held May 28, 1862, Mayo the defendant and Wilson the plaintiff in interest, being present, it was voted to sell the bonds in Mayo's hands to him for $4000, and that "the note be retained by said treasurer as security to the directors for the several amounts by them advanced to said company, and now due them, as individuals, from said company, and when collected shall be divided to said directors in proportion to the sum actually due each."

A note was given by Mayo for the sum of $4000 to the plaintiff corporation dated May 28, 1862.

At a meeting of the directors held July 13, 1864, Wilson being absent, it was voted that the directors cancel the note given by Mayo, May 28, 1862, for $4000.

The referee has found in substance that this cancellation was obtained through the fraudulent misrepresentations of the defendant, and that the plaintiff in interest first knew on January 7, 1868, of the fraud by which this cancellation was affected.

The statute of limitations is pleaded in bar. As the note was dated May 28, 1862, and this suit was commenced January 3, 1870, the action upon the note cannot be maintained unless the plaintiff can bring his case within R. S., 1871, c. 81, § 92, which is in these words: "If a person liable to any action mentioned herein, fraudulently conceals the cause thereof from the person

entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within six years after the person entitled thereto discovers that he has just cause of action."

The plaintiffs rely upon the fact that the surrender of the note was obtained through the misrepresentation and fraud of the defendant and that the plaintiffs and the officers, excepting the defendant, and the directors for whose benefit the note was held were ignorant of such fraud and misrepresentation until January 7, 1868.

The cause of action was the note of the defendant. Its existence was known to the officers of the plaintiff corporation and to those for whom it was held in trust. Its existence was never concealed. The statute of limitations began to run from the maturity of the note.

The surrender of the note may have been fraudulently obtained. But the fraudulent settlement of an existing cause of action, by means of false representations and by the concealment of the truth, is not the concealment of the cause of action which is thereby settled. It is the settlement of a known and existing cause of action, not the concealment of an existing but unknown cause of action. *Rice* v. *Burt*, 4 Cush. 208. It is in and of itself a substantive grievance, for which redress may be sought, but not the original cause of action.

The cases all show that upon this branch of the section the action is not maintainable. *Cole* v. *McGlathry*, 9 Greenl., 131. *McKown* v. *Whitmore*, 31 Maine, 448. *Rouse* v. *Southard*, 39 Maine, 404. *Nudd* v. *Hamblin*, 8 Allen, 130. *Argall* v. *Bryant*, 1 Sandf., S. C., 98. *Northrop* v. *Hill*, 57 N. Y., 351.

If a fraud has been committed, which would entitle the plaintiff to an action, "the action may be commenced at any time within six years after the person entitled thereto discovers that he has just cause of action." But the "just cause of action" must be one arising from the fraud committed and discovered. It is for the fraud committed. This clause of the section has no reference to the original cause of action, for that being well known could not

be discovered. The knowledge of the existence of the note was contemporaneous with its existence. The limitation is from the discovery of the cause of the fraud, and the "just cause of action" is for the fraud. But this action is not for a fraud committed, if one has been committed entitling the party defrauded to a "just cause of action," but for the original note, which long before the commencement of this suit had been barred by the statute of limitations.

It becomes unnecessary to examine the various other grounds of exception alleged by the counsel for the defendant.

*Exceptions sustained.*

WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.