George R. WESTMAN

v.

William O. ARMITAGE.

Supreme Judicial Court of Maine.

Jan. 7, 1966.

Linnell, Perkins, Thompson, Hinckley & Thaxter, by Royden A. Keddy and James R. Flaker, Portland, for plaintiff.

Verrill, Dana, Walker, Philbrick & Whitehouse, by Donald W. Philbrick, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and DUFRESNE, JJ.

WEBBER, Justice.

In its present stance this case presents what is in the main a pleading problem. The plaintiff brought his complaint alleging that he had long been a judgment creditor of a corporation known as Boulevard Gardens and that "on or about December 29, 1955 (the corporation) conveyed essentially all of its property to (the defendant) by Quit-Claim Deed recorded in the Cumberland County Registry of Deeds in Book 2255, page 446 for the purpose of defrauding your Plaintiff and hindering and delaying the collection of the indebtedness above referred to." This complaint was filed May 12, 1964. It contained the usual averments of demand for payment and for judgment. After some further proceedings which are of no present concern, the points raised in connection therewith having now been waived, the defendant filed his answer in essence denying the charges of the plaintiff and affirmatively setting up the defense of bar by operation of the statute of limitations. Simultaneously the defendant moved for judgment on the pleadings under M.R.C.P. Rule 12(c) asserting in the motion that the pleadings clearly disclose that the plaintiff's claim is barred.

If the matter had rested at this point it would now only be necessary for us to decide whether the motion would lie, having in mind the observations in Field and McKusick, Commentary, Secs. 12.12 and 12.14. Although the record is far from adequate, it seems clear that in the informal proceedings on the motion attention was focussed primarily on whether or not the recordation of the deed constituted constructive notice of the fraud. Counsel undertook to brief the applicable law for the court with resultant additional complication of the pleading problem. The plaintiff recited numerous facts in his brief drawn from his own knowledge or understanding for which there was no existing support in evidence, affidavits, admissions or the like. It is unnecessary here to assess blame for the en-

suing confusion and misunderstanding. The plaintiff takes the position that he was merely filling in background but addressing himself only to the legal issue of constructive notice. The justice below viewed the relation of facts in the brief as an offer of proof which he deemed sufficient to convert the pending motion into a motion for summary judgment. He ordered summary judgment for the defendant although it is not entirely clear that he relied on facts stated by the plaintiff in order to reach this result. The plaintiff's appeal brings the matter here for review.

■ Rule 12(c) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, *matters outside the pleadings* are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment), and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (Emphasis ours) It should be noted that under Rule 12(b) a motion to dismiss for failure to state a claim upon which relief can be granted can in a similar manner be converted and treated as a Rule 56 motion. It follows that cases defining what is meant by "matters outside the pleadings" as used in Rule 12(b) have logical application as we seek the meaning of the identical phrase appearing in Rule 12(c). Such a case was Sardo v. McGrath, (1952) 90 U.S.App.D.C. 195, 196 F.2d 20, 22. The question was whether statements of fact contained in a trial brief could qualify as "matters outside the pleadings" so as to permit the treating of a 12(b) motion as a motion for summary judgment. The Court was of opinion that the requirements of Rule 56 were controlling and that the extra-pleading matters presented must be either depositions, admissions or affidavits. "All three possess certain characteristics which make them fitting instruments for cutting through a possible maze of false, illusory or collateral issues raised by loosely-drawn pleadings. As the sworn statements of those who have first-hand knowledge of that about which they speak, they partake not only of the ceremonial quality of testimony in open court, but also of some of the guarantees of trustworthiness which characterize such testimony. * * * Neither the Federal Rules nor custom at the bar contemplate transformation of legal memoranda into a new vehicle of factual conflict. Certainly, attorneys do not ordinarily conceive that they proceed at their peril if they fail to controvert allegations of fact made by opposing attorneys in their briefs. To accept appellees' view would be to introduce a confusing system of collateral pleading which could only detract from the relative simplicity of present summary judgment practice." We think the Sardo rule is sound and well reasoned. We therefore hold that when a 12(b) or 12(c) motion is to be treated as a motion for summary judgment under Rule 56 the "matters outside the pleadings" which must be presented to effectuate that conversion must be in such form as would satisfy the requirements of 56(c). Facts stated in trial briefs, otherwise unsupported, will not suffice.

■ As has already been noted, the record is meager and it is not entirely clear whether or not the decision below rested in part on facts stated in the brief. If not, then a judgment for the defendant necessarily rested on the legal assumption that the plaintiff's action was barred by the statute of limitations which started to run when the fraudulent deed was recorded. If this was the legal concept underlying the decision below, and we are by no means certain that it was, then in our view the decision was erroneous. For a better understanding of the legal posture, it is necessary to bear in mind the wording of the applicable statute of limitations. 14 M.R.S.A. Sec. 859 provides:

"If a person, liable to any action mentioned, fraudulently conceals the

cause thereof from the person entitled thereto, *or if a fraud is committed* which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto *discovers* that he has just cause of action." (Emphasis supplied)

It should be noted that there are two separate and distinct bases for tolling the statute. The first involves the fraudulent concealment from the plaintiff of the existence of a cause of action. The second concerns the situation in which the claim is itself grounded upon fraud. See Penobscot R. R. Co. v. Mayo, (1876) 65 Me. 566, 569; Penobscot R. R. Co. v. Mayo, (1878) 67 Me. 470, 473. In either case the statute starts to run when the existence of the cause of action or fraud is discovered or should have been discovered by the plaintiff in the exercise of due diligence and ordinary prudence. Penobscot R. R. Co. v. Mayo, (1878) 67 Me. 470, 473; Deake, Applt., (1888) 80 Me. 50, 56, 12 A. 790; see Bates Street Shirt Co. v. Waite, (1931) 130 Me. 352, 356, 156 A. 293.

■ The complaint standing alone discloses no more than that the deed now alleged to have been given in fraud of creditors was duly recorded in the registry of deeds. The complaint does not inform us when it was so recorded. Nor is it apparent from the pleadings that the deed was not fair on its face or not purportedly given for a fair consideration. The recording act, 33 M.R.S.A. Sec. 201, states that "[n]o conveyance of an estate * * * is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof unless the deed * * * is acknowledged and recorded in the registry of deeds within the county where the land lies, * * *." It has been held that the registry of a deed under this act is constructive notice only to after purchasers under the same grantor. Roberts v. Richards, (1891) 84 Me. 1, 9, 24 A. 425; Blumenthal v. Serota, (1930)

129 Me. 187, 193, 151 A. 138. Moreover, it would not suffice to charge the plaintiff with constructive notice merely *that a conveyance was given.* The statute of limitations would start to run only if recordation gave constructive notice of the *fraud.* Although the authorities are divided (Anno. 100 A.L.R.2d 1094; 133 A.L.R. 1311; 76 A.L.R. 864 and cases cited), the majority and what seems to us the better reasoned view appears to be that recordation of a fraudulent conveyance will not alone suffice to give constructive notice of the fraud such as will start the running of the statute of limitations.

"For the record did not disclose the facts constituting the fraud nor any reason for believing that such facts existed." First Presbyterian Church of Santa Barbara, Cal. v. Rabbitt, (1940) 9th Cir., 118 F.2d 732, 736 (applying California law).

■ "Registration of the fraudulent conveyance at a certain date is merely one circumstance bearing on the creditor's actual or presumed knowledge." Eckert v. Wendel, (1931) 120 Tex. 618, 40 S.W.2d 796, 797.

■ "If the recordation has not come actually to the attention of the creditor, and if no circumstance has transpired which should put him on inquiry, there could not with propriety be an adjudication that the recordation of the instrument should operate as constructive notice to the creditor of the existence of the recorded instrument. Such a holding would place on creditors generally the responsibility and burden of examination at short intervals of the public records to ascertain if, forsooth, a trusted debtor had suddenly become fraud-minded and was seeking to circumvent his creditors by fraudulent alienation of property. * * * 'The fact of the recording of the fraudulent deed is not of itself alone sufficient to charge the creditor with *notice of the fraud.*' Jones v. Danforth, 71 Neb. 722, 99 N.W. 495, 498." (Emphasis supplied) Bank of Marlinton v.

McLaughlin, (1939) 121 W.Va. 41, 1 S.E.2d 251, 253.

■ "Mere constructive notice of the deed by reason of its being filed for record is not notice of the facts constituting the fraud." But all the circumstances may be such that the plaintiff should have discovered the conveyance and its fraudulent character more than six years before the bringing of his action—in which case it would be barred. Duxbury v. Boice, (1897) 70 Minn. 113, 72 N.W. 838, 839.

■ We conclude that it is not self-evident from these pleadings alone that the plaintiff's action was barred by operation of 14 M.R.S.A. Sec. 859 and the motion for judgment on the pleadings should have been denied.

■ If the justice below determined upon the facts stated in plaintiff's brief that plaintiff in the exercise of due diligence and under all the circumstances should have discovered the alleged fraud more than six years before instituting this action, such a finding has insufficient support in the record for reasons already noted. We again emphasize the fact that we cannot ascertain from the record now available whether or not this was the basis of the decision below. The confusion which has arisen is due in no small part to the plaintiff's insertion of facts in his brief. Counsel must be ever mindful that a brief should never travel outside the record and facts stated should always, whether at trial or appellate level, find support in the record. Nevertheless, this departure from sound practice will not alone suffice to justify a summary judgment for the defendant. As already noted the facts stated should not have been accorded the status of "matters outside the pleadings" and the pending motion should not have been treated as a motion for summary judgment.

■ The matter must now be remanded for further proceedings. The motion for judgment on the pleadings, being prematurely brought, must be denied. The plaintiff has now been put on notice by the defendant's answer that the Statute of Limitations will not be waived but is affirmatively raised in defense. Since the purpose of the rules is to define the issues for determination of the court, the plaintiff should now be permitted to amend his complaint to set forth the date of discovery of the alleged fraud. It may reasonably be expected that the date so alleged will be less than six years prior to the date when the complaint was filed. If not, the motion for judgment on the pleadings may properly be renewed. But if so, issues may be framed for trial and the defendant may seek by evidence to prove in support of his affirmative defense either (a) that discovery occurred more than six years before the complaint was filed, or (b) that the fraud should in the exercise of due diligence have been so discovered. We do not intend hereby to preclude the further possibility that by the use of affidavits and "matters outside the pleadings" as above defined, the parties may be able to put the case in a posture to be decided upon a motion for summary judgment, although we would at this moment be inclined to doubt whether every "genuine issue as to any material fact" could be thus removed from the instant case as required by 56(c).

The entry will be

Appeal sustained. Case remanded for further proceedings in accordance with this opinion.

RUDMAN, J., did not sit.