**Marcia E. B. AKINS**

v.

**FIRSTBANK, N.A., and John D. Robinson.**

Supreme Judicial Court of Maine.

Argued January 10, 1980.

Decided June 6, 1980.

Michael J. LaTorre (orally), Portland, for plaintiff.

Verrill & Dana by Charles L. Cragin (orally), Portland, for Firstbank, N.A.

Skelton, Taintor & Abbott, P.A. by John B. Cole (orally), Lewiston, for John D. Robinson.

Before WERNICK, GODFREY, GLASSMAN, JJ., and DUFRESNE and DELAHANTY, A. R. JJ.

GODFREY, Justice.

This is an appeal from a decision of the Superior Court in an action based on fraud.

The presiding justice dismissed the complaint under Rule 12(b) on the ground that plaintiff was, in effect, collaterally attacking a decision of the probate court from which she had not taken an appeal within a year pursuant to 4 M.R.S.A. § 403. The plaintiff filed a timely appeal to this Court. We sustain the appeal.

The plaintiff, Marcia Akins, was a beneficiary of the will of John H. Gilkey, who died in October, 1965. Under the terms of the will, the defendant Firstbank, then known as First National Bank of Farmington, was appointed executor of the estate and trustee of a testamentary trust established by the residuary clause. Akins is the sole life beneficiary of the trust.

Akins' complaint alleged that in January, 1966, while administering Gilkey's estate, Firstbank sold 212 shares of stock in itself, taken from the estate, to defendant John D. Robinson for $21,000; that Robinson was entertaining an offer at the time to become an officer of the bank and ten days later did in fact become an officer and director; that Akins was then legally incompetent under the laws of Florida; that neither she nor any guardian received notice either of the sale of stock or of a petition which the bank later filed in the probate court for approval of the sale, which petition for approval was filed on September 13, 1966, about nine months after the sale, and granted on September 20, 1966.

Akins became legally competent on March 9, 1971. Her complaint alleges that she did not receive actual notice of the sale or probate proceeding until June, 1976, although she has been receiving some annual disbursements of income from the trust since November 11, 1966, the first recorded date of a disbursement. She took no action until January 12, 1979, when she began the present suit. Her complaint alleged self-dealing, violation of bank regulations, fraud and nondisclosure.

The defendants' motions to dismiss under Rules 12(b)(1) and 12(b)(6), M.R.Civ.P., were granted on the ground that the probate court's approval of the sale was a decision which could not be collaterally attacked under *Vanasse v. Labrecque,* Me., 381 A.2d 269 (1977). The Superior Court also found that plaintiff's action could not be saved even if it were construed as an appeal, since an appeal from a probate court decision must be brought within twenty days of the decision, 4 M.R.S.A. § 401 (1979), or, if there is a "defect of notice" or other failure "without fault" to prosecute an appeal, within one year of the decision. 4 M.R.S.A. § 403 (1979).[1] The Superior Court found those limits to be an absolute bar to Akins's action.

Relying on *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), Akins argues that the probate court's approval of the sale was void for lack of notice, and that due process requires that she be permitted to attack the transaction. The Superior Court resolved this issue against the plaintiff on the basis of *Vanasse v. Labrecque, supra.*

In *Vanasse,* a devisee of an interest in a decedent's land sued to set aside a sale of the land by the executrix pursuant to an order of the probate court granting the executrix a license to sell. Collateral attack on sales of real estate made pursuant to licenses issued by the probate court was specifically barred by 18 M.R.S.A. § 2252. This court did not decide whether *Mullane, supra,* applied to the probate court's order, holding instead that when innocent purchasers had acquired decedent's land in a licensed sale that was valid "to all appearances from the public records", the sale could not be collaterally attacked. 381 A.2d at 273.

---

1. Section 403 provides as follows:

    If any such person from accident, mistake, defect of notice or otherwise without fault on his part omits to claim or prosecute his appeal, the supreme court of probate, if justice requires a revision, may, upon reasonable terms, allow an appeal to be entered and prosecuted with the same effect as if it had been seasonably done; but not without due notice to the party adversely interested nor unless the petition therefor is filed with the clerk of said court within one year after the decision complained of was made.

The present case is distinguishable from *Vanasse* in that it does not involve real estate, with the result that judicial license to sell is not required by chapter 221 of title 18,[2] and, as far as the pleadings show, innocent purchasers are not involved. Both defendants are alleged to be parties to a fraudulent transaction. For purposes of the motion to dismiss, the specific rationale of *Vanasse* is thus inapplicable.

*Mullane* held that "notice" by newspaper publication did not suffice as due process in respect to trust account beneficiaries whose names and addresses were known. Akins argues that the one-year limit for appeal of probate court rulings in cases of "defect of notice", 4 M.R.S.A. § 403, violates due process as defined in *Mullane*. However, we find it unnecessary to reach that constitutional question because we find that the defendants' motions to dismiss should have been denied under 14 M.R.S.A. § 859.

■■■ Section 859 of title 14 of the Revised Statutes provides as follows:

If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action.

Section 859 applies either to fraudulent concealment from the plaintiff of the existence of a cause of action or to a claim that is itself grounded upon fraud. *Westman v. Armitage*, Me., 215 A.2d 919, 922 (1966). Akins's complaint alleged fraud and nondisclosure in the fiduciary bank's sale of assets out of Gilkey's estate to Robinson in order to further the bank's own purposes rather than for the benefit of the estate. Proof of the facts thus alleged could result in applicability of section 859. Moreover, the possible applicability of section 859 in a case based on fraud is not excluded by the provision in 4 M.R.S.A. § 403 of a one-year extension for taking an appeal from an order of the probate court on one of the grounds set forth in that section.

■■■ The rule now contained in section 859 was interpreted in an early Maine case, *Cole v. McGlathry*, 9 Me. 131 (1832), holding that an action to recover a debt would not be taken out of the statute of limitations by alleging breach of trust unless actual fraud and concealment by defendant were shown. 9 Me. at 133. The opinion also suggested that an unconcealed fraud which could have been discovered by the exercise of due diligence would not be taken out of the statute of limitations. *See also, Westman, supra*, 215 A.2d at 922. However, Akins has alleged both fraud and non-disclosure, suggesting that the fraud could not have been discovered. Thus her allegations, although they did not mention section 859 and were not drawn in its terms, were sufficient to survive a motion to dismiss. She should have an opportunity to prove her allegations. The appellees both argue in their briefs that the sale was not fraudulent, but it is not appropriate to decide that question of fact on pleadings and briefs. As the Court said in *Westman*,

We conclude that it is not self-evident from these pleadings alone that the plaintiff's action was barred by operation of 14 M.R.S.A. Sec. 859 and the motion for judgment on the pleadings should have been denied.

215 A.2d at 923.

For the reasons stated, the order granting the defendants' motion to dismiss must be vacated. It is unnecessary to decide any other issues raised on appeal.

The entry is:

Appeal sustained.

Judgment for defendant vacated.

Case remanded for further proceedings consistent with this opinion.

All concurring.

2. The provisions of that chapter are repealed by P.L.1979, ch. 540, § 24–C, effective January 1, 1981.