[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1679

FRED GIOVINO, ET AL.,

Plaintiffs, Appellees,

v.

GEOFFREY D. WYLER,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Selya and Stahl, Circuit Judges. 



Geoffrey D. Wyler on brief pro se. 
Edmond J. Bearor, John W. McCarthy and Rudman & Winchell on brief 
for appellees.



February 5, 1998


Per Curiam. We have carefully reviewed the record in 

this case, including the briefs of the parties and the

findings of fact and conclusions of law of the district

court. We affirm.

We find no error in the district court determination

that the 1986 deed conveying land from IP Timberlands

Operating Company, Ltd. [IPTO] to International Paper [IP]

reserved to IPTO a right to travel over the so-called "outer

road." Similarly, the court did not err in determining that

the deeds of the other plaintiffs also endowed them with a

right to travel over this road. 

Me. Rev. Stat. Ann. tit. 33, 201-A has no effect on

this issues in this case. By its plain language, section

201-A pertains neither to the creation or the extinction of

an easement but only to whether an unrecorded deed provides

"actual notice" of an easement to subsequent purchasers.

Since the 1986 deed between IPTO and IP was duly recorded,

pursuant to Me. Rev. Stat. Ann. tit. 33, 201, the deed

itself gave constructive notice of the easement to subsequent

purchasers like Wyler. See Westman v. Armitage, 215 A.2d 

919, 922 (Me. 1966) (recordation is "constructive notice . .

to after purchasers under the same grantor") (citing cases).

Finally, the district court did not commit clear error

in finding that IPTO's improvements to the outer road

constituted reasonable maintenance.

-2-

Affirmed. 

-3-