STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-03-238

FILED & ENTERED
SUPERIOR COURT

JUL 01 2004

PENOBSCOT COUNTY

Diana Wood,
     Plaintiff

v.

Order (Motions to Dismiss)

Patrons Oxford Mutual Ins. Co. et al.,
    Defendants



DONALD L
LAW

JUL 12 2004

Pending before the court are the motions to dismiss filed by the two defendants, Patrons Oxford Mutual Insurance Company and Lori Perry. The court has considered the parties' written arguments on the motions.

In her complaint, Diana Wood makes the following allegations. On February 13, 1997, she was a passenger in a vehicle that was involved in a collision with another vehicle, operated by Perry. Complaint at ¶¶ 4-5. Perry operated her vehicle negligently, Perry's negligence caused that collision, and she (Wood) has suffered damages resulting from the collision. *Id.* at ¶¶ 5-6. Wood had contact with employees and other representatives of Perry's insurer, Patrons Oxford, regarding her claim arising from the February 1997 accident. *Id.* at ¶¶ 7-12. Patrons Oxford's employees told Wood that the insurer would settle the claim and that they would "take care of her." *Id.* at ¶ 8. In late January 2003, a Patrons Oxford employee told Wood that the company needed an updated medical report from her physician and that the settlement would be finalized after the carrier received that report. *Id.* at ¶¶ 8-9. The plaintiff requested the updated report but did not receive it until late May 2003. *Id.*, ¶ 10. Around that time, Patrons Oxford advised Wood that the statute of limitations now barred any claim and that it would not settle her claim. *Id.* at ¶ 12. Patrons Oxford was aware of the statutory period of limitations but falsely represented to Wood that "they were working with and for her."

1

*Id.* at ¶ 11. None of Patrons Oxford's employees advised Wood of the statute of limitations. *Id.* Wood then alleges that Patrons Oxford's actions "are binding on Defendant Perry as her agent." *Id.* at ¶ 14. Wood commenced this action when she filed the complaint on December 30, 2003, more than six years and 10 months after the collision.

On the basis of her allegations, Wood makes five claims: in count 1, she alleges that Patrons Oxford is liable to her for misrepresentation; in count 2, she alleges that Patrons Oxford is liable to her on the basis of promissory estoppel; in count 3, she alleges that Patrons Oxford is liable to her for intentional infliction of emotional distress (IIED);[1] in count 4, she seeks punitive damages against Patrons Oxford; and in count 5, on a conventional theory of negligence, she seeks recovery against Perry for the personal injuries sustained in the 1997 accident. In count 5, Wood specifically alleges that her negligence claim against Perry "remain[s] viable pursuant to 14 M.R.S.A. § 859 or other provisions of the law." Complaint at ¶ 27.

Perry has moved to dismiss the one claim asserted against her, and Patrons Oxford has moved to dismiss Wood's claims for misrepresentation, IIED and punitive damages.[2]

### Defendant Perry's motion to dismiss

Perry has moved to dismiss Wood's claim against her, arguing that the pleadings establish that the claim is barred by the statute of limitations. In considering the merits of a motion to dismiss, the court deems "all well-pleaded material allegations of the complaint as admitted." *Culbert v. Sampson's Supermarkets Inc.*, 444 A.2d 433, 434 (Me. 1982).

Wood has asserted one cause of action against Perry: a claim of negligent operation of a motor vehicle, causing an accident that resulted in personal injury. The pleadings in fact establish that the accident occurred more than six years prior to the date Wood commenced this action. Without more, Wood's claim against Perry would be time

---

[1] In its original form, count 3 of the complaint alleged negligent infliction of emotional distress. Wood was given leave to amend count 3, so that it now alleges IIED.

[2] Patrons Oxford has not moved to dismiss Wood's claim for promissory estoppel, found in count 2 of the complaint.

2

barred. *See* 14 M.R.S.A. § 752. In light of this, Wood makes two arguments in opposition to Perry's motion: first, that the statute of limitations was tolled under 14 M.R.S.A. § 866 because Perry was out of state after the negligence claim had accrued against her; and second, that due to circumstances of fraud, the period of limitations is extended under section 859. Neither of these arguments is availing to Wood.

In support of her first argument, which is based on section 866, Wood has submitted an affidavit of Andrew Miller, a private investigator. In the affidavit, Miller states that he ran a "background check" on Perry and used a "computer software database that I use to conduct background checks." From that research, "[i]t appears" that Perry lived in Michigan "some time between 1996 and 2003." The submission of this affidavit triggers the provision of M.R.Civ.P. 12(b) that, subject to the court's discretion, allows a party to submit extraneous material, which is then considered in connection with a motion to dismiss. When a party proceeds in that way, the motion becomes governed by rule 56. This, of course, changes the standard of analysis. "A motion to dismiss tests the legal sufficiency of the complaint." *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994). On a motion to dismiss, the complaint must be examined "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* A dismissal is proper "only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim." *Hall v. Board of Environmental Protection*, 498 A.2d 260, 266 (Me. 1985). On the other hand, summary judgment is proper if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, Wood must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law. *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926.

Even if this were a situation appropriate for consideration of extraneous material, the court concludes that Miller's affidavit does not meet the criteria required for affidavits under rule 56(e). Miller's assertions regarding Perry's whereabouts are not based on personal knowledge. Further, the record does not demonstrate that the substantive computer data is admissible, because the record that Wood has attempted to

create is devoid of any foundation demonstrating the admissibility of that information. Therefore, the tolling provisions of section 866 are inapplicable.

Wood contends that she should have further opportunity to develop facts that may have relevance to her argument under section 866. In fact, Wood filed a motion to enlarge the time in which to respond to Perry's motion. That motion was granted, and she was given a deadline of 21 days from the date she received discovery responses relevant to this issue. Wood in fact filed her response to Perry's motion at bar. The court must conclude from this scheduling format that Wood received the responses to the discovery she propounded in order to address the issues raised in the motion at bar. She may not now be heard to claim that she is unprepared to address the merits of Perry's motion.

Wood next contends that the provisions of section 859 operate to defeat Perry's motion. Section 859 identifies two circumstances, both fraud-related, where the period of limitations begins to run upon a claimant's discovery that she has a just cause of action: first, where the prospective defendant fraudulently conceals the cause of action from the claimant; and second, where the cause of action itself is "grounded in fraud." *See Akins v. Firstbank, N.A.,* 415 A.2d 567, 569 (Me. 1980). An examination of the pleadings reveals that neither of these circumstances is present here.

First, the complaint establishes that Wood herself was involved in the 1997 accident. She can make no claim that Perry fraudulently concealed the existence of her negligence claim from her. Indeed, the essence of Wood's claim against Patrons Oxford is that Wood was fully aware of her personal injury claim arising out of the collision allegedly caused by Perry's fault, and that she made ongoing efforts to orchestrate a resolution of that claim with the insurer.

Second, Wood's claim against Perry is not "grounded in fraud." Rather, by the clear allegations in the complaint, it is a claim for negligence. Even with Wood's allegation that Patrons Oxford was Perry's agent during the time Wood was communicating with the carrier regarding her claim, any fraudulent conduct that Wood ascribes to Patrons Oxford is immaterial to this second aspect of her analysis under section 859, because Wood does not seek recovery from Perry on the basis of any fraudulent conduct. Wood makes only one claim for fraud, and that is in count 1 (labeled

"misrepresentation"). Count 1 is directed exclusively against Patrons Oxford. Thus, because Wood's claim against Perry is not one for fraud, she is not entitled to the delaying effect that section 859 otherwise might have on the moment when the period of limitations on her cause of action against Perry began to accrue.

For these reasons, Perry's motion to dismiss must be granted.

**Patrons Oxford's motion to dismiss**

Patrons Oxford has moved to dismiss counts 1, 3 and 4, which set out liability claims for misrepresentation and IIED, and a claim for punitive damages. This defendant makes several arguments in support of its motion.

First, Patrons Oxford urges that it did not owe any legal duty to Wood and therefore, as a matter of law, cannot be held liable for misrepresentation.[3] In the circumstances alleged by Wood, a claim for affirmative misrepresentation is not predicated on an allegation or proof of a specific duty owed by one party to the other. Were Wood making a claim that Patrons Oxford had a duty to disclose information to her, she would be required to allege that she and the carrier stood in a confidential relationship. *See Brae Asset Fund, L.P. v. Adam*, 661 A.2d 1137, 1140 (Me. 1995) ("The law is well established that absent a fiduciary or confidential relationship, there is no duty to disclose information. However, in her opposition to Patrons Oxford's motion, Wood argues that her claim is based on "specific misrepresentations" attributed to the carrier. Further, she relies on legal authority that imposes liability for affirmative misrepresentations, rather that a failure to disclose. Thus, although Wood's complaint may be seen to suggest that Patrons Oxford did not advise her of the statute of limitations, her claim must be seen as one for affirmative misrepresentation, based on the way she has defined her claim here.

> "A defendant is liable for fraud or deceit if he (1) makes a false representation (2) of a material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to

---

[3] Patrons Oxford advanced a similar argument in support of its motion to dismiss Wood's NIED claim, which is the way she originally characterized the claim in count 3 of her complaint. As is noted above, Wood has amended her complaint to make clear that count 3 alleges a claim for IIED. Patrons Oxford has filed a separate motion to dismiss count 3 as amended. In the latter motion, Patrons Oxford does not make the duty-based argument used to challenge the superseded NIED claim.

act or to refrain from acting in reliance upon it, and (5) the plaintiff justifiably relies upon the representation as true and acts upon it to her detriment. Reliance is unjustified only if the plaintiff knows the representation is false or its falsity it known to her.

*Francis v. Stinson*, 2000 ME 173, ¶ 38, 760 A.2d 209, 217 (citation and internal punctuation omitted). As is revealed in this familiar formulation, the existence of a particular duty between the specific parties is not an element of a claim for affirmative misrepresentation. Rather, one's legal obligation not to engage in fraudulent conduct is inherent in the claim itself. Here, Wood's allegations cover the elements of a claim for misrepresentation, or fraud.

Next, Patrons Oxford observes that damages for misrepresentation are limited to pecuniary losses and that general damages, such as pain and suffering, are not compensable. *See Chapman v. Rideout*, 568 A.2d 829, 830 (Me. 1990). Wood does not dispute this proposition of law. Because of this limitation on any damages that may be recoverable in count 1, Patrons Oxford goes on to argue that Wood may not maintain an action for IIED in count 3, because the latter claim has the same factual basis as the misrepresentation claim, and because she cannot recover non-pecuniary damages for misrepresentation, she cannot recover them for IIED.

This argument enjoys superficial support in Maine law. The Law Court has held that the damages that ordinarily flow from an NIED claim are not available when that claim is based on the commission of a separate tort that does not allow recovery for emotional distress. *Curtis v. Porter*, 2001 ME 158, ¶ 19, 784 A.2d 18, 26. However, this limitation on recovery for non-pecuniary damages must be seen in the context of the Court's discussion of the limited applicability of a proper NIED claim. *See id.*, ¶¶ 17-20, 784 A.2d at 24-26. On the other hand, "*any person may be liable* for the infliction of emotional distress if the conduct causing the harm is sufficiently outrageous and is intentional or reckless. . . ." *Id.*, ¶ 17, 784 A.2d at 25 (emphasis added). Thus, if Wood proves that Patrons Oxford is liable for misrepresentation, then she is entitled to recover compensatory damages for pecuniary losses caused by that actionable conduct. However, if she also proves that Patrons Oxford committed the separate tort of IIED, whether or not that proof overlaps with the proof establishing any misrepresentation, then

Wood is entitled to any damages that are available upon proof of IIED. Her claim for non-pecuniary damages is not foreclosed as a matter of law because of any identity of factual allegations between her claims for misrepresentation and IIED.

In moving to dismiss Wood's IIED claim, Patrons Oxford also argues that the actionable conduct as alleged in the complaint could not be found to be "so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community." *Curtis*, 2001 ME 158, ¶ 10, 784 A.2d at 22. When the complaint is viewed as deferentially as a motion to dismiss requires, the court is unable to conclude that it would be impossible for Wood to prove this aspect of her claim for IIED.[4]

Finally, Patrons Oxford moves to dismiss Wood's claim for punitive damages because, it argues, her causes of action for the underlying torts are legally insufficient. For the reasons noted above, Wood has stated colorable claims for misrepresentation and for IIED. These claims may generate proper consideration of an award of punitive damages.

The entry shall be:

For the foregoing reasons, defendant Lori Perry's motion to dismiss is granted. The plaintiff's claim against her (count 5) is dismissed with prejudice because that claim is barred by the statute of limitations. Perry is awarded her costs of court.

Defendant Patrons Oxford Mutual Insurance Company's motion to dismiss is denied.

The plaintiff's motion to strike is dismissed as moot.

---

[4] Wood has moved to strike Patrons Oxford's motion to dismiss her IIED claim. Because the court denies the motion to dismiss on its merits, Wood's motion is moot. However, it does reflect a misunderstanding of the court's order enlarging the time in which she was required to file a response to Patrons Oxford's initial motion to dismiss. As is discussed in the text, Wood sought a delay in her response deadline so that she could conduct discovery germane to the issues raised in the defendants' motions. She then filed her responses. Subsequently, Patrons Oxford filed a separate motion to dismiss count 3 as amended, because that amendment had been allowed after the issuance of the order enlarging Wood's response time. The very fact that Wood had already filed her responses to the motions to dismiss evidences her readiness to do so. Further, Wood did not seek a similar enlargement with respect to Patrons Oxford's motion to dismiss amended count 3. Thus, the court has treated this latter motion as ready for disposition.

Dated: June 30, 2004

_____
Justice, Maine Superior Court
Jeffrey L. Hjelm

DIANA WOOD  - PLAINTIFF
1616 HUDSON ROAD
HUDSON ME 04449
Attorney for: DIANA WOOD
N LAURENCE WILLEY JR
WILLEY LAW OFFICES
15 COLUMBIA STREET, SUITE 501
PO BOX 924
BANGOR ME 04402-0924


vs
PATRONS OXFORD MUTUAL INSURANCE CO - DEFENDANT
C/O MALCOLM PHILBROOK AGENT 178 COURT ST STE 2
AUBURN ME 04402
Attorney for: PATRONS OXFORD MUTUAL INSURANCE CO
TAYLOR DOUGLAS FAWNS
OFFICE OF WILLIAM J KELLEHER
7 EAST CRESCENT STREET
AUGUSTA ME 04330


Attorney for: PATRONS OXFORD MUTUAL INSURANCE CO
WILLIAM KELLEHER
OFFICE OF WILLIAM J KELLEHER
7 EAST CRESCENT STREET
AUGUSTA ME 04330


LORI PERRY  - DEFENDANT
RR1 BOX 345
ETNA ME 04434
Attorney for: LORI PERRY
J WILLIAM DRUARY JR
MARDEN DUBORD ET AL
PO BOX 708
44 ELM STREET
WATERVILLE ME 04901-0708

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2003-00238

DOCKET RECORD

Filing Document: COMPLAINT
Filing Date: 12/30/2003

Minor Case Type: AUTO NEGLIGENCE

## Docket Events:

12/30/2003 FILING DOCUMENT - COMPLAINT FILED ON 12/30/2003

12/30/2003 Party(s):  DIANA WOOD
        ATTORNEY - RETAINED ENTERED ON 12/30/2003
        Plaintiff's Attorney: N LAURENCE WILLEY JR

12/30/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 12/30/2003
        TO ATTORNEY FOR PLAINTIFF.

01/12/2004 Party(s):  PATRONS OXFORD MUTUAL INSURANCE CO
        DISCOVERY FILING - NOTIFICATION DISCOVERY SERVICE FILED ON 01/08/2004
        DEFENDANT, PATRONS OXFORD INSURANCE COMPANY'S INTERROGATORIES PROPOUNDED TO THE PLAINTIFF;
        DEFENDANT, PATRONS OXFORD INSURANCE COMPANY'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
        THE PLAINTIFF.