STATE OF MAINE                                          SUPERIOR COURT
                                                           CIVIL ACTION
YORK, ss.                                          DOCKET NO. RE-05-046


MERRILL ANDREWS EFSTATHIOU,

              Plaintiff


      v.                                                   **ORDER**


THE ASPINQUID, INC., et al.,

              Defendants


      This case involves competing claims of ownership of real estate located at 48 Beach Street in Ogunquit. The plaintiff and the defendant Dennis Andrews Efstathiou purchased the real estate during their marriage in April of 1986 and transferred it to the defendant Aspinquid, Inc. on December 31, 1986. The plaintiff has resided there since 1986.

      In 2004 a divorce action began and since then a dispute has arisen over the ownership of the property. The plaintiff claims that her husband told her in December of 1986 that the transfer was "just on paper" and that they would get the property back.

      The plaintiff has filed a multi-count complaint seeking monetary damages, ownership of the property and attorney's fees. The defendants have filed motions to dismiss and the plaintiff has filed a motion to amend the complaint.

      The first question is whether the motion to amend should be granted. The motion will be granted even though portions of the amended complaint will be dismissed.

The next issue is whether the amended complaint is timely. Normally it would not be as there is a six-year statute of limitation. See 14 M.R.S.A. §752. That six-year period can be extended if there is a fraudulent concealment. In those cases then "… the action may be commenced any time within 6 years after the person entitled thereto discovers that he has just cause of action …" See 14 M.R.S.A. §859. That statute has been interpreted to mean six years from the date when the fraud is discovered or should have been discovered in the exercise of due diligence and ordinary prudence. *Keybank National Association v. Sargent*, 2000 ME 153, n. 6, 758 A.2d 528, 534 quoting *Westman v. Armitage*, 215 A.2d 919, 922 (Me. 1966).

If we assume that a fraud was committed in 1986 and that the wrong was fraudulently concealed, then the question becomes when should the plaintiff have discovered that her husband's claimed statement was not true and that the transfer of title was instead exactly what it looked like, a transfer for value to a legitimate purchaser. In the light most favorable to the plaintiff there was no reason to ask to have the transfer undone as she was living there and her marriage was intact. There would be no compelling reason to push the issue at least until the time of the parties' separation. At the motion to dismiss stage the full complaint will not be dismissed as untimely.

The plaintiff's complaint will, however, be dismissed in part. First, without objection, the motion to dismiss of John Andrews Efstathiou will be granted. He is no longer a defendant. Second, the request for attorney's fees is dismissed. Third, the request to impose a constructive trust on the property will be dismissed to the extent that it requests that the plaintiff receive the entire property without her husband receiving any portion. Fourth, Counts VI and VII regarding estoppel are dismissed.

2

The entry is:

Motion to amend complaint is granted.

Motion of defendant John Andrews Efstathiou to dismiss is granted.

Motion of defendant Dennis Andrews Efstathiou to dismiss is granted in part.

Motion of defendant Aspinquid, Inc. to dismiss is granted in part.

Counts VI and VII of the amended complaint are dismissed. The claims for attorney's fees are dismissed. Any constructive trust must consider the interests of the defendants and any lenders.

Dated:        July 19, 2005

_Paul A. Fritzsche_

Paul A. Fritzsche
Justice, Superior Court

M. J. Donlan, Esq. - PL
A. H. Jordan, Esq. - DEF. THE ASPINQUID, INC.
G. J. Orso, Esq. - DEF. JOHN ANDREWS EFSTATHIOU
R. P. Lebel, Esq. - DEF. DENNIS ANDREWS EFSTATHIOU

3