STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.  CV-11-99
*PAF -YOR- 4/5/2012*

SWANFLOWER, LLC d/b/a
SWANFLOWER COTTAGES
AND MOTEL,

Plaintiff

v.                                                    **ORDER**

DAYVEAU, LLC,

Defendant

The facts of the case are discussed in an order of October 18, 2011, which decided the defendant's motion to dismiss.  The defendant had correctly argued that the plaintiff's claim has been brought beyond the normal six-year statute of limitations found at 14 M.R.S.A. §752.  The plaintiff argued that 14 M.R.S.A. §859 extended the statute of limitations.  That section states, "If a person, liable to any action mentioned, fraudulently conceals the cause thereof from any person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action, except as provided in Section 3580."  I agreed that Section 859 might allow the plaintiff's claims to be considered timely.

The plaintiff had brought a four-count complaint, which alleged misrepresentation, fraud and breach of contract in Counts I, I and III respectively and sought punitive damages in Count IV.

The defendant has filed a motion to amend or alter order on motion to dismiss suggesting that, at most, only Count II, the fraud claim, and Count IV, the punitive damage claim, could be saved by Section 859. The statute, however, which has had only minor non-substantive changes since its appearance in the 1841 revision of statutes, *see* 1841 R.S.c. 146 §18, speaks of both fraudulent concealment and fraud. See *McKown v. Whitmore*, 31 Me. 448 (1850), *Penobscot Railroad Company v. Mayo*, 65 Me. 566 (1876), *Westman v. Armitage*, 215 A.2d 919, 922 (Me. 1966), and *Akins v. Firstbank, N.A.*, 415 A.2d 567, 569 (Me. 1980).

Either fraud or fraudulent concealment can extend the statute of limitations. With this clarification the motion to alter or amend is otherwise denied. Counts I and III could be protected by the "fraudulent concealment" alternative.

The entry is:

Defendant's motion to amend or alter order on motion to dismiss is denied. The parties shall submit a proposed amended scheduling order by April 27, 2012.

Dated: April 5, 2012

Paul A. Fritzsche
Justice, Superior Court

ATTORNEY FOR PLAINTIFF:
NEAL WEINSTEIN
LAW OFFICES NEAL WEINSTEIN
PO BOX 660
OLD ORCHARD BEACH ME   04064

ATTORNEYS FOR DEFENDANT:
WILLIAM LEETE
TAYLOR DOUGLAS FAWNS
LEETE & LEMIEUX
PO BOX 7740
PORTLAND ME   04112

2